IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
GREGORY LYNN ROSS,              )
                                )
               Petitioner,      )
                                )
          v.                    )    1:12CV292
                                )
SUPERINTENDENT MICHAEL BALL,    )
                                )
               Respondent.      )
```

### MEMORANDUM OPINION AND ORDER

**Auld, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has filed a Motion to Dismiss. (Docket Entry 5.) The parties have consented to the exercise of jurisdiction of a United States Magistrate Judge and this matter has been referred to the undersigned for disposition. (Docket Entry 10.)

On March 14, 2001, Petitioner was convicted upon his pleas of guilty in the Superior Court of Cabarrus County to second-degree murder and first-degree sex offense, in cases 99 CRS 15116 and 00 CRS 6801. (Docket Entry 1, §§ 1-6.) He was sentenced to 527-651 months of imprisonment. (Id. § 3.) Petitioner filed a direct appeal, but the North Carolina Court of Appeals dismissed the appeal because the issues raised by Petitioner were outside his appeal of right. State v. Ross, No. COA01-1555, 2002 WL 31306662 (N.C. App. Oct. 15, 2002) (unpublished). Petitioner filed no further direct appeals. (Docket Entry 1, § 9.)

On June 16, 2004, Petitioner filed a pro se motion for DNA testing and motion to locate and preserve evidence in the Superior Court of Cabarrus County, which was summarily denied. (Docket Entry 6, Exs. 9 and 10.) On October 14, 2004, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals, which was denied on November 4, 2004. (Id., Exs. 11 and 13.) On September 22, 2011, Petitioner filed a pro se motion for appropriate relief ("MAR") in the Superior Court of Cabarrus County, which was summarily denied on December 23, 2011. (Id., Exs. 14 and 15.) Petitioner then filed a pro se motion for appointment of counsel and notice of appeal from the denial of his MAR, which were denied and dismissed on January 13, 2012. (Id., Ex. 16.) On February 9, 2012, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals, which was denied on February 29, 2012. (Id., Exs. 17 and 19.) Petitioner filed the instant Petition on March 23, 2012. (Docket Entry 1.)

## **Petitioner's Claims**

Petitioner raises ten claims: (1) his guilty plea was involuntary; (2) his confession was coerced; (3) his counsel was ineffective for failing to object to sentence length; (4) his appellate counsel was ineffective for raising issues outside Petitioner's appeal of right and for failing to challenge the indictment; (5) the State failed to disclose favorable information in the form of a 911 tape, DNA and blood evidence; (6) he was not informed of the specific offense required under the felony murder rule and the trial court consequently lacked subject matter

-2-

jurisdiction; (7) his pre-trial counsel was ineffective regarding "un-Mirandized custodial statements"; (8) his pre-trial counsel was deficient for failing to move for a change of venue; (9) an Apprendi violation occurred at sentencing; and (10) the cumulative impact of these errors was prejudicial and violated Petitioner's right to due process. (See id. § 12.)

## Discussion

Respondent requests dismissal on the ground that the Petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

-3-

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added). The record does not reveal any basis for concluding that subparagraphs (B) and (C) of § 2244(d)(1) apply here.

Under subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. Here, Petitioner did file a direct appeal, which the North Carolina Court of Appeals dismissed on October 15, 2002. His direct appeal then became final 35 days later on November 19, 2002, when the time for filing a petition for discretionary review with the North Carolina Supreme Court expired. See Harb v. Keller, No. 1:09CV766, 2010 WL 3853199, at *2-5 (M.D.N.C. Sept. 28, 2010) (unpublished); Headen v. Beck, 367 F. Supp. 2d 929, 931-32 (M.D.N.C. 2005). Petitioner's year to file thus began to run on that date and expired a year later on November 19, 2003.

Petitioner did later file and pursue a 2004 pro se motion for DNA testing and motion to locate and preserve evidence and a 2011 MAR in State court. The one-year federal habeas limitation period is tolled for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir.

-4-

1999). Petitioner's time to file in this Court, however, expired before he made any state court filings. Filings made after the limitations period has ended do not revive or restart it. Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Therefore, the Petition is untimely under § 2244(d)(1)(A).

In his response to the instant Motion to Dismiss, Petitioner claims that subparagraph (D) of § 2244(d)(1) applies, because "[m]any of [P]etitioner's claims have recently been discovered; the dates on [the] supporting Affidavits give evidence to this." (Docket Entry 8 at 2.) Petitioner does not set forth which of his claims he contends are recently discovered. (See id.) However, the Court has reviewed the entire record, including all affidavits. The facts and law underlying Petitioner's claims existed and could reasonably have been known to Petitioner by the time his case became final on direct review.[1]

Only Petitioner's claim that the State withheld a 911 tape and DNA and blood evidence merits additional explanation because it involves a factual predicate that, in certain circumstances, might not be readily apparent. Petitioner asserts that a 911 tape "would reveal [P]etitioner was not obstructing his wife, but was asking her what the medical personel [sic] were instructing them to do."

---

[1] Petitioner also appears to argue in his response that dismissal of the instant action would be inappropriate absent a showing of prejudice by Respondent. (Docket Entry 8 at 2.) Section 2244, however, does not require a showing of prejudice.

(Docket Entry 1 at 28.)[2]  Petitioner asserts further that the DNA and blood evidence "were pertinent to the determination of whether or not to plead guilty."  (Id.)  Yet, as Respondent correctly points out, Petitioner would "obviously [have] personal knowledge of his own statements to his wife during the 911 call, and whether he was obstructing her or asking her what the medical personnel were telling her to do."  (Docket Entry 6 at 6.)  Likewise, Petitioner's October 2004 Petition for Writ of Certiorari with the North Carolina Court of Appeals seeking review of the denial of a motion for DNA testing indicates Petitioner was on notice of the evidence in question at sentencing.  (Id., Ex. 11 at 5 (referencing blood from a diaper and swab samples taken from the victim).)  This claim is not newly discovered so that Section 2244(d)(1)(D) could apply.

In his response to the instant Motion to Dismiss, Petitioner does not expressly contest the calculations that would apply pursuant to Section 2244(d)(1)(A).  (See Docket Entry 8.)  However, he does state that Respondent violated this Court's order requiring an answer to the instant Petition because Respondent filed the instant Motion to Dismiss rather than an answer.  (Id. at 2.)  Respondent actually did file a limited answer based on its statute of limitations defense (Docket Entry 4), along with its instant Motion to Dismiss (Docket Entry 5), and the applicable rules permit such action, see Chapman v. Herron, No. 1:11CV194, 2012 WL 3151007,

---

[2] Page citations to this document refer to page numbers in the CM/ECF footer.

-6-

at *2 (M.D.N.C. Aug 2, 2012) (unpublished). Petitioner's response also argues that "[h]e was never informed of the option to appeal to the Supreme Court of North Carolina." (Document 8 at 2.) However, even assuming this to be true, Petitioner offers no explanation why it took him more than eight years to file the instant action.

Petitioner also makes what appears to be an equitable tolling argument. He notes that North Carolina Prison Legal Services ("NCPLS") denied him legal assistance, but gave him a "post-conviction packet for pro se criminal defendants." (Id.) According to Petitioner, this packet does not "provide current law or access to an adequate law library or access to adequate counsel." (Id. at 3.) The United States Supreme Court has recognized that the doctrine of equitable tolling applies to the time bar set forth in Section 2244. Holland v. Florida, ___ U.S. ___, ___, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may excuse an otherwise untimely filing when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Unfamiliarity with the legal process and lack of representation by counsel, however, do not constitute grounds for equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Moreover, although North Carolina prisons do not have law libraries, NCPLS constitutes a proper alternative means of affording inmates the ability to file a petition. See Bell v.

-7-

Keller, No. 5:09-HC-2167-D, 2011 WL 845913, at *4 (E.D.N.C. Mar. 8, 2011) (unpublished) ("[L]ack of access to a law library does not toll the statute of limitations where, as here, the state makes legal assistance to inmates available through NCPLS. Moreover, any inadequacies in the NCPLS manual do not serve as a ground for equitable tolling.") (citations omitted); Coil v. Peterkin, No. 1:07CV145, 2009 WL 3247848, at *10 (M.D.N.C. Oct. 5, 2009) (unpublished) (citing collection of cases in Wrenn v. Freeman, 894 F. Supp. 244, 248 (E.D.N.C. 1995), recognizing that NCPLS "satisfies the Constitution's requirement that inmates be given meaningful access to the courts"). Petitioner has not demonstrated that any "extraordinary circumstances" entitle him to equitable tolling.

Further, in 2004, Petitioner filed a pro se motion for DNA testing in Superior Court and filed a pro se petition for writ of certiorari with the North Carolina Court of Appeals seeking review of the denial of that motion. Petitioner then apparently did nothing until late 2011, when he filed a pro se MAR in Superior Court. This course of conduct does not show the diligence necessary to qualify for equitable tolling.

Finally, Petitioner contends that failing to review his Petition on the merits would be fundamentally unfair and a grievous wrong. (Docket Entry 8 at 3.) However, this contention simply devolves into an argument that his claims have merit. The potential merits of a claim do not affect the timeliness analysis. See Rouse v. Lee, 339 F.3d 238, 251-52 (4th Cir. 2003). In the

end, Petitioner is not entitled to equitable tolling, his Petition was filed out of time, and Respondent's Motion to Dismiss should be granted.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss (Docket Entry 5) be **GRANTED,** that the Petition (Docket Entry 1) be **DISMISSED,** and that Judgment be entered dismissing this action. A separate Judgement will be entered contemporaneous with this order.

                                      /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                  **United States Magistrate Judge**

February 27, 2013

-9-

Case 1:12-cv-00292-LPA-LPA   Document 11   Filed 02/27/13   Page 9 of 9